IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No. 25-10140

YATCO, LLC,

*Appellant,*

v.

YA MON EXPEDITIONS, LLC,
a limited liability corporation,
on behalf of itself and all others similarly situated, *et al.*

*Appellees.*

**APPELLEES' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION OF THE ORDER GRANTING IN PART APPELLANT, YATCO, LLC'S MOTION TO ABATE APPEAL AND/OR TEMPORARILY RELINQUISH JURISDICTION**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Stephen F. Rosenthal
Florida Bar No. 0131458
Christina H. Martinez
Florida Bar No. 1029432
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Ste. 2300
Miami, Florida 33131
T.: 305-358-2800/F: 305-358-2382
srosenthal@podhurst.com
cmartinez@podhurst.com

*Counsel for Appellee*

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246     www.podhurst.com

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The Appellees submit this list, which includes all trial judges, attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this appeal:

1. Abeles, Scott – Counsel for Yacht Brokers Association of America, Inc.

2. Albert, Lee – Counsel for Tricia Defosey

3. Allied Marine, Inc.

4. Badala, Salvatore C. – Counsel for Ya Mon Expeditions, LLC

5. Basanta, Mark – Counsel for Allied Marine, Inc.

6. Bayramoglu Law Offices – Counsel for California Yacht Brokers Association, Inc., Denison Yachts International, LLC

7. Blechman, William Jay – Counsel for International Yacht Brokers Association, Inc.

8. Boats Group, LLC

9. Boni, Michael J. – Counsel for Magna Charter, LLC

10. Boni Zack & Snyder, LLC – Counsel for Magna Charter, LLC

11. Boutwell & Connick – Counsel for HMY Yacht Sales, Inc.

12. Brockmeyer, Michael F. – Counsel for Allied Marine, Inc.

13. Brooks, Brian D. – Counsel for Tricia Defosey

**Podhurst Orseck, P.A.**

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246     www.podhurst.com

14. Brown, Christopher J. – Counsel for Boats Group, LLC

15. Bucciero, Lea Pilar – Counsel for Ya Mon Expeditions, LLC

16. Burstyn Law PLLC – Counsel for Boats Group, LLC

17. Burstyn, Sean Alexander – Counsel for Boats Group, LLC

18. Buterman, Lawrence E. – Counsel for Boats Group, LLC

19. California Yacht Brokers Association, Inc. – has no parent corporation, and no publicly held corporation owns (10%) or more of its common stock

20. Carlton Fields PA – Counsel for Yacht Brokers Association of America, Inc.

21. Catamaran Sales, Inc.

22. Cohen, Alexander Charles – Counsel for Ya Mon Expeditions, LLC, Kip Lamar Snell, Magna Charter, LLC, Tricia Defosey

23. Connick, Jr., A. Thomas – Counsel for HMY Yacht Sales, Inc.

24. Corrigan, Jeffrey J. – Counsel for Magna Charter, LLC

25. Costa, Paul – Counsel for Magna Charter, LLC

26. Crary Buchanan, P.A. – Counsel for United Yacht Sales, LLC

27. Criden & Love PA – Counsel for Magna Charter, LLC

28. Davidson, Stuart Andrew – Counsel for Kip Lamar Snell

**Podhurst Orseck, P.A.**
2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246     www.podhurst.com

29. Defosey, Tricia

30. Denison Yachts International, LLC

31. Diaz, Nestor Galarza – Counsel for Ya Mon Expeditions, LLC

32. Dearman, Mark Jeffrey – Counsel for Ya Mon Expeditions, LLC, Kip Lamar Snell, Magna Charter, LLC, Tricia Defosey

33. Eichel, Benjamin J. – Counsel for Magna Charter, LLC

34. Easu, David B. – Counsel for Yacht Brokers Association of America, Inc.

35. Fine Kaplan & Black, RPC – Counsel for Magna Charter, LLC

36. Fitzgerald, III, Roy E. – Counsel for YATCO, LLC

37. Foreman, Jeffrey Todd – Counsel for International Yacht Brokers Association, Inc.

38. Fraser Yachts California Corporation – a wholly-owned subsidiary of MarineMax, Inc., which is a publicly-held company, has no parent corporation, and is unaware of any individual or entity that owns ten percent (10%) or more of its common stock

39. Galati Yacht Sales, LLC

40. Gallagher & Kennedy PA – Counsel for Ya Mon Expeditions, LLC

41. Geller, Paul Jeffrey – Counsel for Kip Lamar Snell

42. Gittleman, Jeffrey B. – Counsel for Magna Charter, LLC

43. Glancy Prongay & Murray LLP – Counsel for Tricia Defosey

44. Gordon Rees Scully Mansukhani – Counsel for Northwest Yacht Brokers Association

45. Gray, Joshua B. – Counsel for International Yacht Brokers Association, Inc.

46. Harris, M. Derek – Counsel for Yacht Brokers Association of America, Inc.

47. Hasdoo, Odeshoo – Counsel for OneWater Marine, Inc.

48. Haug Partners, LLP – Counsel for Allied Marine, Inc.

49. Haviland, Grantham – Counsel for Boats Group, LLC

50. Heim, Emily Marie – Counsel for California Yacht Brokers Association, Inc., Denison Yachts International, LLC

51. HMY Yacht Sales, Inc.

52. Holland & Knight LLP – Counsel for Northwest Yacht Brokers Association

53. International Yacht Brokers Association, Inc.

54. Jones Day – Counsel for OneWater Marine, Inc.

55. King, William F. – Counsel for Ya Mon Expeditions, LLC

**Podhurst Orseck, P.A.**
2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246    www.podhurst.com

56. K&L Gates LLP – Counsel for Fraser Yachts California Corporation, Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax East, Inc., MarineMax, Inc.

57. Klibard, Kenneth M. – Counsel for HMY Yacht Sales, Inc.

58. Kully, Davod C. – Counsel for Northwest Yacht Brokers Association

59. LeVee, Jeffrey – Counsel for OneWater Marine, Inc.

60. Lagomasino, Leonor Maria – Counsel for Northwest Yacht Brokers Association

61. Latham & Watkins LLP – Counsel for Boats Group, LLC

62. Leonard, William J. – Counsel for Magna Charter, LLC

63. Love, Kevin Bruce – Counsel for Magna Charter, LLC

64. Mahoney, Stacey Anne - Counsel for HMY Yacht Sales, Inc.

65. Mark, Etan – Counsel for Tricia Defosey

66. Mark Migdal & Hayden – Counsel for Tricia Defosey

67. MarineMax East, Inc. – a wholly-owned subsidiary of MarineMax, Inc., which is a publicly-held company, has no parent corporation, and is unaware of any individual or entity that owns ten percent (10%) or more of its common stock

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246   www.podhurst.com

68. MarineMax, Inc. – Publicly Traded: HZO (NYSE) (has no parent corporation and is unaware of any individual or entity that owns ten percent (10%) or more of its common stock)

69. Martinez, Christina H. – Appellate Counsel for Appellees

70. Martinez, Michael E. – Counsel for Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax, Inc.

71. Martinez, Jr., Rebeca – Counsel for Ya Mon Expeditions, LLC

72. Martinez-Cid, Ricardo M. – Counsel for Ya Mon Expeditions, LLC

73. McEnroe, William T. – Counsel for HMY Yacht Sales, Inc.

74. Mitchell, David W. – Counsel for Kip Lamar Snell

75. Moore, Hon. K. Michael – U.S. District Judge for the Southern District

76. Morgan, Lewis & Bockius, LLP – Counsel for HMY Yacht Sales, Inc.

77. Mrachek Fitzgerald Rose Konopka Thomas & Weiss, P.A. – Counsel for YATCO, LLC

78. The Multihull Company, LLC

79. Napoli Shkolnik – Counsel for Ya Mon Expeditions, LLC

80. Napoli Shkolnik NSPR Law Services, LLC – Counsel for Ya Mon Expeditions, LLC

81. Napoli Shkolnik, PLLC – Counsel for Ya Mon Expeditions, LLC

**Podhurst Orseck, P.A.**
2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246     www.podhurst.com

82. Natter, Benjamin – Counsel for Allied Marine, Inc.

83. Neal, Kevin D. – Counsel for Ya Mon Expeditions, LLC

84. Northrop & Johnson Yacht Sales, LLC

85. Northrop & Johnson Yacht Ships, LLC

86. Northwest Yacht Brokers Association

87. Nussbaum Law Group, P.C. – Counsel for Magna Charter, LLC

88. Nussbaum, Linda P. – Counsel for Magna Charter, LLC

89. Obermayer Rebman Maxwell & Hippel LLP – Counsel for Magna Charter, LLC

90. OneWater Marine, Inc. – Publicly Traded: ONEW (NYSE)

91. Patterson, Jennifer – Counsel for Allied Marine, Inc.

92. Paul, Christina McGinley – Counsel for Fraser Yachts California Corporation, Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax East, Inc., MarineMax, Inc.

93. Perrone, Jennifer – Counsel for YATCO, LLC

94. Podhurst Orseck, P.A. – Counsel for Ya Mon Expeditions, LLC

95. Pogust Goodhead LLC – Counsel for Magna Charter, LLC

96. Reid, Lissette M. – Magistrate Judge, United States District Court for the Southern District of Florida

C 7 of 10

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246     www.podhurst.com

97. Ralston, Kenneth N. – Counsel for Ya Mon Expeditions, LLC

98. Rathbun, Anna M. – Counsel for Boats Group, LLC

99. Robbins Geller Rudman & Dows LLP – Counsel for Ya Mon Expeditions, LLC, Kip Lamar Snell, Magna Charter, LLC, Tricia Defosey

100. Rogers, Jr., Thomas Bowen – Counsel for Kip Lamar Snell

101. Rose, Alan B. – Counsel for YATCO, LLC

102. RJC Yacht Sales, Inc.

103. Rosenthal, Stephen F. – Appellate Counsel for Appellees

104. Saladrigas, Caitlin F. – Counsel for Northwest Yacht Brokers Association

105. Shingler, III, Arthur L. – Counsel for Kip Lamar Snell

106. Shkolnik, Hunter J. – Counsel for Ya Mon Expeditions, LLC

107. Sindoni, John E. – Counsel for Magna Charter, LLC

108. Smith, Brian J. – Counsel for Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax, Inc.

109. Snyder, Joshua D. – Counsel for Magna Charter, LLC

110. Soto, Ana Maria Cristina Perez – Counsel for OneWater Marine, Inc.

111. Spector, Jeffrey L. – Counsel for Magna Charter, LLC

C 8 of 10

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246    www.podhurst.com

112. Spector Roseman & Kodroff PC – Counsel for Magna Charter, LLC

113. Sperling Kenny Nachwalter, LLC – Counsel for International Yacht Brokers Association, Inc.

114. Stern, Justin M.L. – Counsel for HMY Yacht Sales, Inc.

115. Sunshine Cruising Yachts LLC

116. Talbot, Megan J. – Counsel for Magna Charter, LLC

117. Taylor, Lindsey Handley – Counsel for Kip Lamar Snell

118. Turnbull, W. Scott – Counsel for United Yacht Sales, LLC

119. United Yacht Sales, LLC

120. Vakharia, Aakruti G. – Counsel for Allied Marine, Inc.

121. Weinshall, Matthew – Counsel for Ya Mon Expeditions, LLC

122. Weiss, Gregory S. – Counsel for YATCO, LLC

123. Wites & Kapetan, PA – Counsel for Kip Lamar Snell

124. Wites Law Firm – Counsel for Kip Lamar Snell

125. Wites, Marc Aaron – Counsel for Kip Lamar Snell

126. Wolf, Charles Ferdinand – Counsel for Fraser Yachts California Corporation, Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax East, Inc., MarineMax, Inc.

127. Ya Mon Expeditions, LLC

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246     www.podhurst.com

128. Yacht Brokers Association of America, Inc.

129. Yachting Assets and Operations LLC

130. YATCO, LLC – does not have any parent corporations, and no publicly held corporation owns more than 10% of its stock

131. Zeytoonian, Caiti – Counsel for HMY Yacht Sales, Inc.

## Corporate Disclosure Statement

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Appellant states:

1. Upon information and belief,

    a. Fraser Yachts California Corporation and MarineMax East, Inc. are wholly owned subsidiaries of MarineMax, Inc.; and

    b. MarineMax, Inc. is a publicly traded company using the ticker symbol HZO (NYSE), which itself has no parent corporation or any individual or entity that owns ten percent (10%) or more of its common stock.

2. Otherwise, there is no subsidiary, parent corporation, or publicly held corporation that owns 10% or more of the stock of any of the other listed entities.

/s/ *Christina H. Martinez*
Christina H. Martinez
Florida Bar No. 1029432

C 10 of 10

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rules 8-2 and 27-2, Appellees, Ya Mon Expeditions, LLC, BLUEBERRY ENTERPRISES, LLC, MAGNA CHARTA, LLC, PRIDE CONTRACTING, INC., KIP LAMAR SNELL, and JUAN GALAN, individually and on behalf of all others similarly situated ("Appellees") seek clarification or, in the alternative, reconsideration of this Court's Order granting in part Appellant, YATCO, LLC's ("YATCO"), motion to abate this appeal and/or temporarily relinquish jurisdiction to the district court ("Motion to Abate"). Specifically, Appellees seek to confirm that the Court's Order referred to vacating only those aspects of an order of dismissal related to YATCO and of the entry of a stay of proceedings only as to YATCO. In support of this motion, Appellees state:

1.  Appellees are owners of pre-owned yachts who allege that multi-listing services, like YATCO, conspired with yacht brokers and industry trade associations to impose and maintain anticompetitive restraints that force sellers of pre-owned yachts, like Appellee, to pay commissions to buyers' brokers and to pay overall commissions at higher rates than those that would have prevailed in a competitive market.

2.  On June 10, 2024, Appellee filed a Consolidated Class Action Complaint against YATCO and 17 other defendants. ECF No. 140, Compl., *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. June 10, 2024).

3. In response to the complaint, YATCO filed a Motion to Compel Arbitration and Stay Proceedings ("Motion to Compel"), citing an arbitration clause contained in YATCO's Saas Subscriber Agreement, an ancillary subscription software agreement between YATCO and subscribers to its service. ECF No. 185, Mot. to Compel, *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. Sept. 4, 2024). Yacht brokers purportedly must execute the Saas Subscriber Agreement before they can list a boat for sale on YATCO's websites. *Id.* at 2. These yacht brokers, not Appellees, are the subscribers to YATCO's service.

4. No other defendant in the action filed a motion to compel arbitration, joined YATCO's Motion to Compel, or sought a stay of proceedings based on YATCO's motion.

5. The District Court entered an Order denying YATCO's Motion to Compel. ECF No. 223, Order on Mot. to Compel, *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. Jan. 9, 2025).

6. YATCO immediately appealed the Order to this Court pursuant to 9 U.S.C. §16(a)(1)(C). ECF No. 233, Notice of Appeal, *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. Jan. 14, 2025).

7. Prior to the district court's entry of the Order on the Motion to Compel, all but one of the 18 defendants, including YATCO, filed a joint Motion to Dismiss the Consolidated Class Action Complaint for failure to state a cause of action. ECF

2

No. 178, Mot. to Dismiss, *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. Aug. 9, 2024).  In the defendants' Reply, YATCO seemingly abandoned or withdrew its joinder to the Motion to Dismiss, stating it was "not seeking affirmative relief in this litigation until the [c]ourt rules on [its] Motion to Compel Arbitration" and noting it had not "joined in this Reply but reserve[d] the right to do so" if the district court denied the Motion to Compel.  ECF No. 192 at 2 n.2, Reply to Mot. to Dismiss, *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. Sept. 18, 2024).

8. On January 21, 2025, after the district court denied YATCO's Motion to Compel and YATCO filed its Notice of Appeal, the district court entered an Order ("Dismissal Order") dismissing without prejudice the Consolidated Class Action Complaint in its entirety.  ECF No. 237, Order on Mot. to Dismiss, *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. Jan. 21, 2025).  The district court provided Appellees with time to file an amended pleading, and granted their request for an extension of time to file the amended complaint, currently due this coming Monday, March 10, 2025.  ECF No. 241, Order on Mot. for Extension, *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. Jan. 28, 2025).

9. YATCO states it intended to move the district court for a stay pending this appeal under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).  *See* ECF No. 11.

The Dismissal Order, however, was issued before YATCO was able to file its request for a stay. *See id.* at 10, ¶ 4.

10.    Accordingly, YATCO filed in this Court its Motion to Abate seeking an abatement or stay. *Id.*

11.    This Court subsequently entered an Order granting in part the Motion to Abate, stating:

> The Court hereby STAYS this appeal. The Court further REMANDS the appeal on a limited basis and DIRECTS the district court to vacate its January 21, 2025 order dismissing the amended complaint and enter an order staying proceedings below pending the resolution of this appeal. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740-44 (2023). Appellant is DIRECTED to promptly notify the Court upon the entry of the district court's order staying proceedings below[.]

ECF No. 15.

## ARGUMENT

Because the Court's Order can be construed as directing the district court to vacate the Dismissal Order *in its entirety* and to enter a stay of proceedings as to *all* claims and defendants under *Coinbase*—instead of only those claims directed at YATCO—Appellees seek clarification that the Order relates to the dismissal of claims against YATCO only and entry of a stay of proceedings as to YATCO only.

*Coinbase* recently clarified that when a district court denies a motion to compel arbitration, and the losing party exercises its statutory right to an interlocutory appeal under the Federal Arbitration Act, the district court must stay

4

its pre-trial and trial proceedings while the interlocutory appeal is ongoing.  599 U.S. at 738.  *Coinbase*, however, involved a single defendant that had moved to compel arbitration as to *all* plaintiffs' claims.  In other words, the appeal involved all claims in the case such that there were no collateral matters or issues in the district court that were unaffected by the appeal of the arbitrability issue.  "Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'"  *Id.* at 741 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Courts across the country have uniformly ruled that *Coinbase* does not require an automatic stay of an *entire* case where the interlocutory appeal affects only a subset of claims or, as here, only affects the claims as to one defendant.  *See, e.g.*, *Avery v. TEKsystems, Inc.*, No. 22-cv-02733-JSC, 2024 WL 4826834, at *3 (N.D. Cal. Nov. 18, 2024) ("*Coinbase* does not require the Court to stay the entire … case, including the vast majority of the case not involved in the appeal."); *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig. MDL No. 3040*, No. 22-3040, 2024 WL 868239, at *1 (E.D. Mich. Feb. 28, 2024) (stating "there are no good grounds to delay the progress of the litigation on the claims of the 51 distinct parties whose claims are not implicated in any way by either the motion to compel arbitration or the defendant's pending appeal of the ruling denying that motion" and that there is "no good reason to halt the core proceedings of this MDL while an

5

ancillary matter involving a minority of the plaintiffs works its way through the appellate process"); *Kumaran v. Nat'l Futures Ass'n*, No. 1:20-CV-03668 (GHW) (SDA), 2024 WL 5381429, at *4 (S.D.N.Y. Dec. 20, 2024) ("Thus, under *Coinbase*, the Court was required to stay this action as of … the date when the notices of interlocutory appeal were filed[], at least with respect to NRCM's claims against Kadlec, while the interlocutory appeal on the question of arbitrability of those claims is ongoing."), *report and recommendation adopted in part, rejected in part,* No. 1:20-CV-3668-GHW, 2025 WL 227801 (S.D.N.Y. Jan. 17, 2025).

These rulings make sense in light of the *Coinbase* Court's reliance on the longstanding principle that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control *over those aspects of the case involved in the appeal*.'" 599 U.S. at 740 (emphasis added). This principle thus requires only "an automatic stay of district court proceedings *that relate to any aspect of the case involved in the appeal*." *Id.* at 744 (emphasis added).

Because YATCO's appeal does not "involve" Appellees' claims against other named defendants in this action, *Coinbase* does not compel an automatic stay of the entire case below. Further, *Coinbase* does not suggest the district court lacked jurisdiction to enter an order dismissing without prejudice the claims against defendants other than YATCO—i.e., claims that are neither implicated in the motion to compel or affected by the pending appeal. This is particularly so where YATCO

6

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246     www.podhurst.com

apparently abandoned its joinder in the defendants' joint Motion to Dismiss in light of the relief it sought in its Motion to Compel Arbitration. ECF No. 192 at 2 n.2, Reply to Mot. to Dismiss, *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. Sept. 18, 2024).

Application of *Coinbase* thus demands only that the dismissal of the claims *against YATCO* be vacated and that a stay of proceedings *as to YATCO* be entered. To the extent any features of the litigation may counsel in favor of a discretionary stay of the entire case, irrespective of *Coinbase* (and they do not), the district court should be afforded the opportunity in the first instance to make that determination. Accordingly, Appellees seek clarification and confirmation that this Court's Order related to YATCO only, and that it directs the district court to vacate only those aspects of the Dismissal Order concerning YATCO and to enter a stay of proceedings as to the claims against YATCO only.

WHEREFORE Appellees respectfully request that the Court enter an order clarifying that it remands the appeal on a limited basis with directions that the district court (1) vacate only those aspects of its January 21, 2025 dismissal order related to YATCO, and (2) enter an order staying proceedings below as to YATCO only pending the resolution of this appeal.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel contacted Alan Rose, counsel for Appellant, YATCO,

7

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246    www.podhurst.com

by telephone on March 4, 2025, and by email on March 5, 2025, to meet and confer on whether they agree to the relief sought in this Motion. Counsel for Appellant authorized undersigned counsel to represent that Appellant does not oppose Appellees' request for clarification, but would like an opportunity to respond to this motion in order to articulate Appellant's position about the scope of the stay to be imposed in the district court.

                Respectfully submitted,

/s/ Christina H. Martinez
Stephen F. Rosenthal
Florida Bar No. 0131458
Christina H. Martinez
Florida Bar No. 1029432
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Ste. 2300
Miami, Florida 33131
T.: 305-358-2800/F.: 305-358-2382
srosenthal@podhurst.com
cmartinez@podhurst.com

*Counsel for Appellee*

8

## CERTIFICATE OF COMPLIANCE

Counsel for Appellee hereby certifies that the type style utilized in this brief is 14 point Times New Roman proportionally spaced, and there are 1,673 words in the motion.

/s/     *Christina H. Martinez*
Christina H. Martinez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/  Christina H. Martinez*
Christina H. Martinez

9