UNITED STATES DISTRICT COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**Appeal Case No. 25-10140-H**
District Court Case No. 1:24-cv-20805-KMM

YATCO, LLC,

      Appellant,

vs.

YA MON EXPEDITIONS, LLC, a
limited liability corporation, on behalf of
itself and all others similarly situated,

      Appellee.

_____/

**APPELLANT'S RESPONSE TO APPELLEES MOTION FOR
CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION
[DE 16] AND POSITION ON SCOPE OF THE *COINBASE* STAY**

**CERTIFICATE OF INTERESTED PERSONS**

Appellant, YATCO, LLC, pursuant to 11th Cir. R. 26.1-1(a), certifies the

following individuals and entities are known to have an interest in the outcome of

this case:

Abeles, Scott – Counsel for Yacht Brokers Association of America, Inc.

Albert, Lee – Counsel for Appellee Tricia Defosey

Allied Marine, Inc. – Appellee (is a non-governmental party and is wholly

owned by Ferretti S.p.A., a publicly held corporation).

Badala, Salvatore C. – Counsel for Appellee Ya Mon Expeditions, LLC

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

Basanta, Mark – Counsel for Appellee Allied Marine, Inc.

Bayramoglu Law Offices – Counsel for Appellees California Yacht Brokers Association, Inc., Denison Yachts International, LLC

Blechman, William Jay– Counsel for Appellee International Yacht Brokers Association, Inc.

Boats Group, LLC – Appellee

Boni, Michael J. – Counsel for Appellee Magna Charter, LLC

Boni Zack & Snyder, LLC – Counsel for Appellee Magna Charter, LLC

Boutwell & Connick - Counsel for Appellee HMY Yacht Sales, Inc.

Brockmeyer, Michael F. – Counsel for Appellee Allied Marine, Inc.

Brooks, Brian D. – Counsel for Appellee Tricia Defosey

Brown, Christopher J. – Counsel for Boats Group, LLC

Bucciero, Lea Pilar – Counsel for Appellee Ya Mon Expeditions, LLC

Burstyn Law PLLC – Counsel for Boats Group, LLC

Burstyn, Sean Alexander – Counsel for Boats Group, LLC

Buterman, Lawrence E. – Counsel for Boats Group, LLC

California Yacht Brokers Association, Inc. – Appellee

Carlton Fields PA – Counsel for Yacht Brokers Association of America, Inc.

Catamaran Sales, Inc. - Appellee

Cohen, Alexander Charles – Counsel for Appellees Ya Mon Expeditions, LLC, Kip Lamar Snell, Magna Charter, LLC, Tricia Defosey

Connick, Jr., A. Thomas – Counsel for Appellee HMY Yacht Sales, Inc.

Corrigan, Jeffrey J. – Counsel for Appellee Magna Charter, LLC

Costa, Paul – Counsel for Appellee Magna Charter, LLC

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

Crary Buchanan, P.A. – Counsel for Appellee United Yacht Sales, LLC

Criden & Love PA – Counsel for Appellee Magna Charter, LLC

Davidson, Stuart Andrew – Counsel for Appellee Kip Lamar Snell

Dearman, Mark Jeffrey – Counsel for Appellee Ya Mon Expeditions, Kip Lamar Snell, Magna Charter, LLC, Tricia Defosey

Defosey, Tricia – Appellee

Denison Yachts International, LLC – Appellee

Diaz, Nestor Galarza – Counsel for Appellee Ya Mon Expeditions, LLC

Eichel, Benjamin J. – Counsel for Appellee Magna Charter, LLC

Easu, David B. – Counsel for Yacht Brokers Association of America, Inc.

Fine Kaplan & Black, RPC – Counsel for Appellee Magna Charter, LLC

Fitzgerald, III, Roy E. – Counsel for Appellant YATCO, LLC

Foreman, Jeffrey Todd – Counsel for Appellee International Yacht Brokers Association, Inc.

Fraser Yachts California Corporation – Appellee (a wholly-owned subsidiary of MarineMax, Inc., which is a publicly-held company. ***Publicly Traded: HZO (NYSE)***.

Fraser Yachts Florida, Inc – Appellee (a wholly-owned subsidiary of MarineMax, Inc., which is a publicly-held company. MarineMax, Inc. has no parent corporation and is unaware of any individual or entity that owns ten percent (10%) or more of its common stock).

Galati Yacht Sales, LLC – Appellee

Gallagher & Kennedy PA – Counsel for Appellee Ya Mon Expeditions, LLC

Geller, Paul Jeffrey – Counsel for Appellee Kip Lamar Snell

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

Gittleman, Jeffrey B. – Counsel for Appellee Magna Charter, LLC

Glancy Prongay & Murray LLP – Counsel for Appellee Tricia Defosey

Gordon Rees Scully Mansukhani – Counsel for Appellee Northwest Yacht Brokers Association

Gray, Joshua B. – Counsel for Appellee International Yacht Brokers Association, Inc.

Harris, M. Derek – Counsel for Yacht Brokers Association of America, Inc.

Hasdoo, Odeshoo – Counsel for Appellee OneWater Marine, Inc.

Haug Partners, LLP – Counsel for Appellee Allied Marine, Inc.

Haviland, Graham – Counsel for Boats Group, LLC

Heim, Emily Marie – Counsel for Appellees California Yacht Brokers Association, Inc., Denison Yachts International, LLC

HMY Yacht Sales, Inc. – Appellee (Has no parent corporation, and no corporation, publicly held or otherwise, owns 10% or more of its stock).

Holland & Knight LLP – Counsel for Appellee Northwest Yacht Brokers Association

International Yacht Brokers Association, Inc. – Appellee (Has no parent corporation, and no publicly held corporation owns ten percent (10%) or more of its common stock).

Jones Day – Counsel for Appellee OneWater Marine, Inc.

King, William F. – Counsel for Appellee Ya Mon Expeditions, LLC

K&L Gates LLP – Counsel for Appellees Fraser Yachts California Corporation, Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax East, Inc., MarineMax, Inc.

4

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

Kliebard, Kenneth M. - Counsel for Appellee HMY Yacht Sales, Inc.

Kip Lamar Snell - Appellee

Kully, David C. – Counsel for Appellee Northwest Yacht Brokers Association

LeVee, Jeffrey – Counsel for Appellee OneWater Marine, Inc.

Lagomasino, Leonor Maria – Counsel for Appellee Northwest Yacht Brokers Association

Latham & Watkins LLP – Counsel for Boats Group, LLC

Leonard, William J. – Counsel for Appellee Magna Charter, LLC

Liebenberg, Roberta D. – Counsel for Magna Charter, LLC

Love, Kevin Bruce – Counsel for Appellee Magna Charter, LLC

Magna Charter, LLC - Appellee

Mahoney, Stacey Anne - Counsel for Appellee HMY Yacht Sales, Inc.

MarineMax, Inc. – Appellee - **_Publicly Traded: HZO (NYSE)_**.

MarineMax East, Inc. – Appellee (a wholly-owned subsidiary of MarineMax, Inc., which is a publicly-held company (see above)

Mark, Etan – Counsel for Appellee Tricia Defosey

Mark Migdal & Hayden – Counsel for Appellee Tricia Defosey

Martinez, Christina H. – Counsel for Appellee Ya Mon Expeditions, LLC

Martinez, Michael E. – Counsel for Appellees Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax, Inc.

Martinez, Jr., Rebeca – Counsel for Appellee Ya Mon Expeditions, LLC

Martinez-Cid, Ricardo M. – Counsel for Appellee Ya Mon Expeditions, LLC

McEnroe, William T. - Counsel for Appellee HMY Yacht Sales, Inc.

Mitchell, David W. – Counsel for Appellee Kip Lamar Snell

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

Moore, Hon. K. Michael - U.S. District Judge for the Southern District of Florida (Miami)

Morgan, Lewis & Bockius, LLP - Counsel for Appellee HMY Yacht Sales, Inc.

Mrachek Fitzgerald Rose Konopka Thomas & Weiss, P.A. - Counsel for Appellant YATCO, LLC

The Multihull Company, LLC - Appellee

Napoli Shkolnik – Counsel for Appellee Ya Mon Expeditions, LLC

Napoli Shkolnik NSPR Law Services, LLC – Counsel for Appellee Ya Mon Expeditions, LLC

Napoli Shkolnik, PLLC – Counsel for Appellee Ya Mon Expeditions, LLC

Natter, Benjamin – Counsel for Appellee Allied Marine, Inc.

Neal, Kevin D. – Counsel for Appellee Ya Mon Expeditions, LLC

Northrop & Johnson Yacht Sales, LLC – Appellee (a subsidiary of a publicly-held company, MarineMax, Inc. (see above)

Northrop & Johnson Yacht Ships, LLC – Appellee (a subsidiary of a publicly-held company, MarineMax, Inc. (see above)

Northwest Yacht Brokers Association – Appellee

Nussbaum Law Group, P.C. – Counsel for Appellee Magna Charter, LLC

Nussbaum, Linda P. – Counsel for Appellee Magna Charter, LLC

Obermayer Rebman Maxwell & Hippel LLP – Counsel for Appellee Magna Charter, LLC

OneWater Marine, Inc. – Appellee - ***Publicly Traded: ONEW (NYSE)***

Patterson, Jennifer – Counsel for Appellee Allied Marine, Inc.

6

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

Paul, Christina McGinley – Counsel for Appellees Fraser Yachts California Corporation, Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax East, Inc., MarineMax, Inc., Fraser Yachts Florida, Inc.

Perrone, Jennifer – Counsel for Appellant YATCO, LLC

Podhurst Orseck, P.A. – Counsel for Appellee Ya Mon Expeditions, LLC

Pogust Goodhead LLC – Counsel for Appellee Magna Charter, LLC

Reid, Lissette M. - Magistrate Judge, United States District Court for the Southern District of Florida

Ralston, Kenneth N. – Counsel for Appellee Ya Mon Expeditions, LLC

Rathbun, Anna M. – Counsel for Boats Group, LLC

Robbins Geller Rudman & Dows LLP – Counsel for Appellees Ya Mon Expeditions, LLC, Kip Lamar Snell, Magna Charter, LLC, Tricia Defosey

Rogers, Jr., Thomas Bowen – Counsel for Appellee Kip Lamar Snell

Rose, Alan B. – Counsel for Appellant YATCO, LLC

RJC Yacht Sales, Inc. – Appellee

Saladrigas, Caitlin F. – Counsel for Appellee Northwest Yacht Brokers Association

Shingler, III, Arthur L. – Counsel for Appellee Kip Lamar Snell

Shkolnik, Hunter J. – Counsel for Appellee Ya Mon Expeditions, LLC

Sindoni, John E. – Counsel for Appellee Magna Charter, LLC

Smith, Brian J. – Counsel for Appellees Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax, Inc.

Snyder, Joshua D. – Counsel for Appellee Magna Charter, LLC

7

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

Soto, Ana Maria Cristina Perez – Counsel for Appellee OneWater Marine, Inc.

Spector, Jeffrey L. – Counsel for Appellee Magna Charter, LLC

Spector Roseman & Kodroff PC – Counsel for Appellee Magna Charter, LLC

Sperling Kenny Nachwalter, LLC – Counsel for Appellee International Yacht Brokers Association, Inc.

Stern, Justin M.L. - Counsel for Appellee HMY Yacht Sales, Inc.

Sunshine Cruising Yachts LLC - Appellee

Talbot, Megan J. – Counsel for Appellee Magna Charter, LLC

Taylor, Lindsey Handley – Counsel for Appellee Kip Lamar Snell

Turnbull, W. Scott – Counsel for Appellee United Yacht Sales, LLC

United Yacht Sales, LLC – Appellee (A Florida Limited Liability Company, which is wholly-owned by Peter A. Schmidt, Jeffrey D. Palmer and BRB IV, LLC, a Florida Limited Liability Company).

Vakharia, Aakruti G. – Counsel for Appellee Allied Marine, Inc.

Weinshall, Matthew – Counsel for Appellee Ya Mon Expeditions, LLC

Weiss, Gregory S. – Counsel for Appellee YATCO, LLC

Wites & Kapetan, PA – Counsel for Appellee Kip Lamar Snell

Wites Law Firm – Counsel for Appellee Kip Lamar Snell

Wites, Marc Aaron – Counsel for Appellee Kip Lamar Snell

Wolf, Charles Ferdinand – Counsel for Appellees Fraser Yachts California Corporation, Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax East, Inc., MarineMax, Inc., Fraser Yachts Florida, Inc.

Worth Avenue Yachts, LLC – Appellee

8

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

Ya Mon Expeditions, LLC – Appellee

Yacht Brokers Association of America, Inc. – Appellee

Yachting Assets and Operations LLC – Appellee

YATCO, LLC – Appellant (does not have any parent corporations, and no publicly held corporation owns more than 10% of its stock).

Zeytoonian, Caiti - Counsel for Appellee HMY Yacht Sales, Inc.

## APPELLANT'S RESPONSE TO APPELLEES' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION [DE 16] AND POSITION ON SCOPE OF THE *COINBASE* STAY

Appellant, YATCO, LLC ("YATCO"), submits its Response to Appellees' Motion for Clarification or, in the alternative, Reconsideration [DE 16] and its position on scope of the stay imposed by *Coinbase*. In short, YATCO asserts the entire case must be stayed pending the arbitration appeal.

There are two types of stays that could apply to YATCO while it appeals the order denying it the right to arbitration – a *Coinbase* automatic stay, and/or a traditional discretionary stay. *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). The district court has exercised its discretion to stay the entire action, but only temporarily, pending clarification from this Court as to whether the direction to vacate the dismissal order applies only to YATCO, or to all Defendants. Thus, the

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

district court and the parties agree the issue of the scope of the stay must be decided by this Court.

In its Motion for Clarification, Appellees address only the former basis to stay, and suggest any considerations of the discretionary stay issue should be first made in the district court. YATCO agrees the discretionary stay issue has not been addressed by the district court, but asserts (i) *Coinbase* requires a stay of the entire class action; and, (ii) it would be more efficient and expeditious for this Court to address any discretionary stay now given the overlap of issues.

Alternatively, if the Court decides *Coinbase* does not cover the entire case, and the discretionary stay issue should be first addressed in the district court, there should be a limited remand of that discretionary stay issue to the district court.

### *Coinbase* Requires a Stay of All Claims Against Alleged Co-Conspirators, Which Requires a Stay of This Entire Case Pending the Arbitrability Appeal.

As to the *Coinbase* automatic stay, YATCO respectfully asserts Appellees' view is incorrect. Although YATCO recognizes the legitimacy and judicial efficiency of Appellees' request for clarification – and the district judge also recognized the need for clarity – YATCO had not yet briefed the issue.   Therefore, YATCO does so now.

10

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

The starting point for a *Coinbase* analysis are the pleadings. The result here is compelled within the opening paragraphs of the Consolidated Amended Class Action Complaint, which alleges a longstanding, nationwide conspiracy among *all of the Defendants* and others, by "agreeing, combining, and conspiring to adopt, impose, and enforce an anticompetitive restraint" that conditions the sellers of pre-owned yachts (the "Class Members") pay excessive commission fees. [DE 140, at ¶¶ 1, 8].

This is not a situation where the purported class is suing a multitude of defendants for their individual actions, such that each defendant's conduct could be individually evaluated. If so, the need for a stay of the entire case would be less obvious, and perhaps provide discretion to allow part of the case to proceed while YATCO pursued its independent appeal.

However, the thrust of this class action is a nationwide conspiracy, of which YATCO is an alleged co-conspirator. As such, YATCO would be jointly and severally liable with all other members of this alleged conspiracy. There is no way to allow the claims against the rest of the co-conspirators to proceed without unfairly prejudicing YATCO, because YATCO would not participate in the written discovery and depositions, nor the class certification hearing, in the district court

11

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

during the appeal. That discovery and class certification ruling will have a significant

and direct impact on YATCO, if YATCO were thrust back into the litigation in the

district court after the appeal here.

Indeed, a putative class action asserting a conspiracy and concerted action by

a group of defendants necessarily would expose YATCO to potential injunctive

relief and *joint and several damages*, which would force a Hobson's choice of

YATCO either (i) pursuing its rights to arbitration or (ii) risking irreversible damage

to the merits of its defense.    In the prayer for relief, the Consolidated Class

Complaint seeks class certification, a permanent injunction against YATCO and all

defendants,   and   treble   damages   arising   from   this   alleged   long-standing

anticompetitive conspiracy.    [DE 140, at ¶¶ 18, 216].

There   does   appear   to   be   agreement   that   all   claims   against   YATCO   were

automatically stayed under *Coinbase*.    599 U.S. at 740.    Based upon the same logic

and reasoning, this class action must be stayed in its entirety.    Plaintiff's Motion for

Clarification states:

> Because the Court's Order can be construed as directing the district
> court to vacate the Dismissal Order *in its entirety* and to enter a stay of
> proceedings as to *all* claims and defendants under *Coinbase*—instead
> of only those claims directed at YATCO—Appellees seek clarification

12

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

that the Order relates to the dismissal of claims against YATCO only
and entry of a stay of proceedings as to YATCO only.

[DE 16 at page 4 (page 15 of 20)].

Assuming *arguendo* the *Coinbase* stay applies only to "those claims directed at YATCO," the flaw in Appellees' logic is that, as a practical matter, this case presents the functional legal equivalent of a two-party dispute. There are six named plaintiffs who purport to be suitable class representatives for "all others similarly situated" [DE 140, at page 1 and 55], the purported Class is alleged to consist of more than one-hundred persons [*id*. page 6, ¶ 20]. However, to decide if any part of this case is severable and distinct under *Coinbase*, there is but one class of persons on the plaintiff side of the "v.", i.e., "the Plaintiff Class."

Likewise, there are eighteen named Defendants and untold other unknown co-conspirators. But this conspiracy is, for *Coinbase* purposes, the equivalent of a single party. Plaintiff alleges each of the co-conspirators, including YATCO, agreed to participate in the "Defendants' conspiracy." Worse, while YATCO strongly disputes any conspiracy, during the appeal the determination of whether a conspiracy existed would continue without YATCO's participation, and any of defendants found to be co-conspirators could be jointly and severally liable with all

13

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

other co-conspirators for ***all damages arising or resulting from the conspiracy itself***.

"[A]ntitrust coconspirators are jointly and severally liable for all damages caused by the conspiracy to which they were a party." *Wilson P. Abraham Const. Corp. v. Tex. Industries, Inc*., 604 F.2d 897, 904, n.15 (5th Cir. 1979) (citing *Solomon v. Houston Corrugated Box Co*., 526 F.2d 389, 392 n.4 (5th Cir. 1976) (citations omitted); *see Lawlor v. Nat'l Screen Serv. Corp*., 349 U.S. 322, 330 (1955) (asserting that members of alleged conspiracy were joint tort-feasors). The same is true under Florida state law.[1]

Therefore, it is not possible to separate out YATCO from the alleged conspiracy claims, and all of the Class Plaintiffs' claims are implicated by the

---

[1] The gist of a civil conspiracy under state law is: (1) an agreement between two or more parties, (2) to do an unlawful act or a lawful act by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) damage to the plaintiff as a result of the act performed in furtherance of the conspiracy. *Gilison v. Flagler Bank*, 303 So. 3d 999, 1004 (Fla. Dist. Ct. App. 2020). Each co-conspirator "need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators." *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1160 (Fla. Dist. Ct. App. 2008).  A co-conspirator need not have caused any direct injury to the claimant. *Rey v. Philip Morris, Inc.*, 75 So. 3d 378, 383 (Fla. Dist. Ct. App. 2011). And most directly relevant to this issue, co-conspirators are "jointly and severally liable for the acts of all participants in the scheme." *Id.*

14

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

arbitrability appeal. Any discovery or pretrial rulings that occur while YATCO pursues its appeal and is stayed from the litigation could, and likely would, impact the claims and litigation against YATCO, should it not prevail on the arbitrability appeal.

Importantly, none of the three cases cited by Appellees on pages 5 and 6 of the Motion involve a conspiracy claim. *Avery v. TEKsystems, Inc.* regarded a claim by a class of employees against their single employer, and claims by 417 class members were not subject to the arbitration clause at issue on appeal. 2024 WL 4826834 (N.D. Cal. Nov. 18, 2024). *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig., MDL No. 3040* similarly involved multiple claims against one defendant. 2024 WL 868239 (E.D. Mich. Feb. 28, 2024). *Kumaran v. Nat'l Futures Assoc.* involved the arbitration of one plaintiff's claims against the defendant, and the case had nothing to do with a conspiracy claim. 2024 WL 5381429 (S.D.N.Y. Dec. 20, 2024).

Here, there is only one plaintiff, a purported nationwide class. The class is suing multiple defendants that are allegedly acting together, in a conspiratorial fashion, as one. There are no claims pled against YATCO for things it did on its own, or claims directed at YATCO which are separate or severable from the claims

15

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

against the other Defendants.   YATCO will be unfairly prejudiced if the alleged

conspiracy involving YATCO were decided without YATCO's participation.   In

other words:

> Absent an automatic stay of district court proceedings, Congress's decision in §16(a) to afford a right to an interlocutory appeal would be largely nullified.   If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along.   Absent a stay, parties also could be forced to settle to avoid the district court proceedings (including discovery and trial) that they contracted to avoid through arbitration. ***That potential for coercion is especially pronounced in class actions, where the possibility of colossal liability can lead to what Judge Friendly called "blackmail settlements."*** H. Friendly, Federal Jurisdiction: A General View 120 (1973).

*Coinbase*, 599 U.S. at 743 (internal citations omitted; emphasis added).

YATCO would be in an untenable position.   YATCO would have to spend

time and money participating in the class action below, assuming it could do so

without risk of waiving its right to compel arbitration; or YATCO would do nothing

below and risk being sent back to a far advanced case if it loses the appeal.   Indeed,

if unsuccessful on appeal, YATCO would be far behind the other parties, and certain

issues like class certification could be a *fait accompli*. Appellees, on behalf of the

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

class of plaintiffs, would be engaged in critical discovery without YATCO's participation, which may be irreversible.   The time deficit could be one from which YATCO could never recover, forcing it to settle rather than face colossal liability.

On page 5 (page 16 of 20) of their Motion for Clarification or Reconsideration, Appellees quote *Coinbase* in an effort to distinguish the case, but the quote does the opposite: the *Coinbase* "appeal involved all claims in the case such that there were no collateral matters or issues in the district court that were unaffected by the appeal of the arbitrability issue."   Here, as in *Coinbase*, there are no collateral matters. There there is but one claim by a single class of plaintiffs against a single group of co-conspirators. Nothing is collateral to the conspiracy and nothing would be unaffected by what occurs in the litigation during the appeal.

Appellees then assert: "Courts across the country have uniformly ruled *Coinbase* does not require an automatic stay of an *entire* case where the interlocutory appeal affects only a subset of claims or, as here, only affects the claims as to one defendant. *See, e.g.*, *Avery v. TEKsystems, Inc.*, No. 22-cv-02733-JSC, 2024 WL 4826834, at *3 (N.D. Cal. Nov. 18, 2024) ("*Coinbase* does not require the Court to stay the entire … case, including the vast majority of the case not involved in the appeal.").   Again, YATCO is not part of a "subset of claims" that would be

17

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

unaffected by what transpires as to a different set of claims against other defendants. There is one set of conspiracy claims, and Plaintiffs allege YATCO is a part of that one conspiracy. It is inseparable.

Absent an automatic stay, Congress's decision to afford YATCO the right to an interlocutory appeal "would be largely nullified." *Coinbase*, 599 U.S. at 743. If YATCO were given the Hobson's choice to proceed with trial court proceedings they had contracted to avoid via arbitration, "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost – even if the court of appeals later concluded that the case actually had belonged in arbitration all along." *Id*. Stated succinctly, continuing trial court proceedings while the arbitrability issue is pending on appeal "largely defeats the point of the appeal." *Id.*

### If the *Coinbase* automatic stay is inapplicable, the proceedings below nevertheless should be stayed <u>pending appeal, in the exercise of judicial discretion.</u>

YATCO agrees in principle with the final point in the Appellees' Motion. Appellees correctly note that if *Coinbase* did not apply, there would still be a basis for YATCO to seek a discretionary stay:  "To the extent any features of the litigation litigation may counsel in favor of a discretionary stay of the entire case, irrespective

18

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

of *Coinbase* (and they do not), the district court should be afforded the opportunity in the first instance to make that determination."   Motion at page 7 (18 of 20).

It would ordinarily have made sense to do so, but there is substantial overlap between the *Coinbase* analysis and discretionary stay considerations, such that it might be more efficient for this Court to decide both issues. Moreover, if this Court denies an automatic stay, and orders the vacating of only the dismissal order as to YATCO, it would make more sense to allow the district court (and YATCO) to have the benefit of the amended pleading before deciding the stay issue.

That was the unique procedural nuance that prompted the original motion to abate – "Given the unique procedural posture of this case at this time, with the District Court having denied a motion to compel arbitration but separately dismissed the case, YATCO believes the procedure outlined above would be most efficient. If the Court prefers a different procedure, YATCO requests that nothing preclude its ability to challenge the arbitrability issue immediately in accordance with section 16(a)(1)(C) of the Federal Arbitration Act."   [DE 11, page 11].

Turning to the merits of a discretionary stay, even if an automatic *Coinbase* stay did not apply, there are sufficient grounds for a discretionary stay.   "[T]he power to stay proceedings is incidental to the power inherent in every court to control

19

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

the disposition of the causes on its docket with economy of time and effort for itself,

for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254

(1936).  For many of the same legal and policy reasons underlying *Coinbase*, it

would be appropriate to consider and grant a discretionary stay.

In *Pandolfi v. Aviagames, Inc.*, the district court determined there was no

automatic stay of the entire class action pending an interlocutory appeal of an order

denying a motion to compel arbitration as to only some defendants; but the court

nevertheless granted a discretionary stay. 2024 WL 4951258, *6 (N.D. Cal. Dec. 3,

2024).[2]  The California district court discussed the legal standards applicable to a

court's evaluation of whether to exercise its discretion to stay the entire case pending

appeal.   *Id.* at *5. First, under *Nken v. Holder*, 556 U.S. 418 (2009), courts look at

the following factors:

> '1) whether the stay applicant has made a strong showing that he is
> likely to succeed on the merits; (2) whether the applicant will be

---

[2]     "To the extent the claims against the two sets of defendants may be related –
for instance, the Avia Defendants contend they may be deprived of the opportunity
to participate in Court proceedings if those proceedings continue, and the Investor
Defendants argue they will be prejudiced by not being able to take discovery (at the
very least, "party" discovery) from the Avia Defendants in the Court proceedings –
that is a matter that informs a *discretionary stay*, not a stay under *Coinbase*."
*Pandolfi*, 2024 WL 4951258 at *5 (citing *May v. Sheahan*, 226 F.3d 876, 880 n.2
(7th Cir. 2000)).

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

> irreparably injured absent a stay; (3) whether issuance of a stay will
> substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.'

*Id.* at *5.   Moreover, where a stay is sought, courts also look to the standard offered

in *Landis*, 299 U.S. at 254–55, which provides:

> courts must weigh 'the competing interests which will be affected by
> the granting or refusal to grant a stay,' including (1) 'the possible
> damage which may result from the granting of a stay,' (2) 'the hardship
> or inequity which a party may suffer in being required to go forward,'
> and (3) 'the orderly course of justice measured in terms of the
> simplifying or complicating of issues, proof and questions of law which
> could be expected to result from a stay.'

*Id.* (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

As with the group of defendants who sought a stay pending the resolution of

their arbitration appeal in *Pandolfi*, here, YATCO would be harmed and deprived of

the opportunity to participate in court proceedings should those proceedings

continue without YATCO.   *Id*. at. *5.   As such, under the *Landis* and *Nken* tests, a

discretionary stay is warranted.   While there would, of course, be a delay in

proceedings upon entering a stay of the case, the case is already stayed as to YATCO

and, ultimately, the duration of the appeal (and thus, delay time) should not be

significant.   *Id*. at. *6.

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

*All* of the claims of the class pertaining to the alleged conspiracy are asserted against *all* of the defendants, including YATCO. Because the same basic factual predicate underlies all claims pled by the Class Plaintiffs, to only stay the case as to YATCO while its appeal is pending would risk issues being decided by the district court – "whether legal or factual" – that could impact YATCO, without its rightful and timely opportunity to be heard.  *Id.*  As recognized by the *Pandolfi* Court, this means that YATCO will not have the opportunity to participate in discovery amid the stay; and, should Appellant lose the appeal on arbitrability, "then at least some discovery would have to be done." *Id.*

The harm to the defendants that have not sought to compel arbitration, nor appealed the district court's arbitrability decision, is also apparent. *See id.* (discussing the harm without a stay to the defendants who did not seek a stay stemming from the fact that they would have to litigate without guarantees of discovery from the stayed defendants); *see also Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F.Supp.3d 568, 587 (D. Ariz. Jan. 30, 2024) (applying stay to entire case in light of *Coinbase*, *Nken*, and *Landis*) ("[T]he size of the putative collective makes it likely that *both* parties would suffer irreparable harm in spending substantial time and resources on litigation that might otherwise be narrowed on appeal.").

22

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

The potential harm to YATCO and to the case proceedings as a whole warrants a discretionary stay pending YATCO's appeal to this Court. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) ("[i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants" because it is "likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position").

## **CONCLUSION**

Here, due to the timing of the district court's two orders – the January 9th Order denying arbitration [ECF 223] and the January 20th Order dismissing the complaint without prejudice [ECF 237] – there was (for a fleeting moment) no longer any claims pending against YATCO. The Court's vacating of the dismissal order, if no stay were granted, would mean the original claim would remain pending against YATCO, but there would be an amended claim against the other Defendants, and if YATCO loses the appeal, it would return to be added to an amended pleading

23

YATCO, LLC v. Ya Mon Expeditions, LLC, et al.
Case No. 25-10140-H

If this Court concludes there is no automatic stay of the entire action under

*Coinbase*, the Court should grant a discretionary stay or remand for the district judge

to decide that question.

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, FL 33401
Phone: (561) 655-2250/Fax: (561) 655-5537
Email: arose@mrachek-law.com
      mchandler@mrachek-law.com
      rfitzgerald@mrachek-law.com
      gweiss@mrachek-law.com
      gdavies@mrachek-law.com
*Attorneys for Appellant*

By:   *s/ Alan B. Rose*
      Alan B. Rose (Fla. Bar No. 961825)
      Roy E. Fitzgerald (Fla. Bar No. 856540)
      Gregory S. Weiss (Fla. Bar No. 163430)

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 1:24-cv-20805-KMM Ya Mon Expeditions, LLC v. International Yacht Brokers Assocaition, Inc. et al Order on Motion to Stay |
| **Date:** | Thursday, March 6, 2025 1:20:32 PM |

This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court
Southern District of Florida

Notice of Electronic Filing
The following transaction was entered on 3/6/2025 1:19 PM EST and filed on 3/6/2025

Case Name: Ya Mon Expeditions, LLC v.
International Yacht Brokers Assocaition, Inc. et al

Case Number: 1:24-cv-20805-KMM https://ecf.flsd.uscourts.gov/cgi-bin/DktRpt.pl?663098

Filer:

WARNING: CASE CLOSED on 01/21/2025

Document Number: 245

Copy the URL address from the line below into the location bar
of your Web browser to view the document:
245(No document attached)

Docket Text:
PAPERLESS ORDER. THIS CAUSE came before
the Court upon the Eleventh Circuit's Limited Remand [243] and Plaintiffs'
Motion for Temporary Stay Based on Their Motion for Clarification or, in
the Alternative, Reconsideration of Appellate Order, Filed in the Eleventh
Circuit Court of Appeals. [244]. In Plaintiffs' Motion, they request
to stay this case pending resolution of its Motion pending in the Eleventh
Circuit. Id. Defendants do not oppose the requested relief. Id. <br><br>
On January 17, 2025, Defendant YATCO appealed this Court's Order [223]
denying its Motion to Compel Arbitration. On January 21, 2025, this Court
granted Defendants' joint Motion to Dismiss. [237]. On February 7,
2025, Defendant YATCO along with other interested parties, who are Defendants
in this action, filed an Unopposed Motion to Abate the Appeal and Temporarily
Relinquish Jurisdiction in light of this Court's Order dismissing the
complaint. On March 3, 2025, the Eleventh Circuit requested that this Court
vacate its prior Order [237] and stay proceedings pending YATCO's appeal.
 [243]. The appeal pertained solely to this Court's Order Denying Defendant

YATCO's Motion to Compel Arbitration [223], but the limited remand did
not specify whether this Court is directed to vacate its previous Order regarding
all Defendants or solely as it impacts Defendant YATCO. [243]. Currently
before the Eleventh Circuit is Plaintiff's Motion for Clarification
which asks the Eleventh Circuit to address whether this action should be
stayed as to Defendant YATCO only or all Defendants. <br><br>"The district
court has broad discretion to stay proceedings as an incident to its power
to control its own docket." Four Seasons Hotels & Resorts, B.V. v. Consorcio
Barr S.A., 377 F.3d 1164, 1172 n.7 (11th Cir. 2004) (quoting Clinton v. Jones,
520 U.S. 681, 706 (1997)). The length of the requested stay will not be indefinite
or immoderate. See Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d
1262, 1264 (11th Cir. 2000). Here, the Court finds that a stay is warranted,
pursuant to the Eleventh Circuit's limited remand. <br><br>Accordingly,
UPON CONSIDERATION of the Motion, the pertinent portions of the record, and
being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED
that Plaintiff's Motion for Temporary Stay [244] is GRANTED. All deadlines
are hereby STAYED pending resolution of Plaintiffs' Motion before the
Eleventh Circuit. This Court will enter an order vacating its Order [237]
as to Defendant YATCO or all Defendants upon receipt of clarification from
the Eleventh Circuit.      Signed by Judge K. Michael Moore  on 3/5/2025.
  (dp01)


1:24-cv-20805-KMM Notice has been electronically mailed to:
A.          Thomas Connick
  , Jr  tomconnick@gmail.com

Aakruti        G. Vakharia
  avakharia@haugpartners.com

Alexander        Charles Cohen
  acohen@rgrdlaw.com

Ana Maria        Cristina Perez Soto
    cperezsoto@jonesday.com, courtalert@jonesday.com, docketeastcoastline@jonesday.com,
mjimenez@jonesday.com

Anna          M. Rathbun
  anna.rathbun@lw.com

Arthur        L. Shingler
  , III  ashingler@rgrdlaw.com

Benjamin          Natter
bnatter@haugpartners.com, amcguire@haugpartners.com

Benjamin        J. Eichel
  beichel@bonizack.com

Brian          D. Brooks
  bbrooks@glancylaw.com

Brian          J. Smith
  brian.j.smith@klgates.com

Caiti          Zeytoonian
caiti.zeytoonian@morganlewis.com

Caitlin      F Saladrigas
  caitlin.saladrigas@hklaw.com, jenny.oshaughnessy@hklaw.com, kim.roark@hklaw.com


Charles      Ferdinand Wolf
      charles.wolf@klgates.com, docketing.east@klgates.com, linda.vasserot@klgates.com


Christina      McGinley Paul
      christina.paul@klgates.com, laureen.reyes@klgates.com, litigation.docketing@klgates.com


Christopher      J. Brown
  chris.brown@lw.com

Christopher      M. Brainard
  christopherbrainard@gmail.com

David      B. Esau
  desau@carltonfields.com, jmeehan@carltonfields.com, shampton@carltonfields.com,
wpbecf@cfdom.net

David      C. Kully
  david.kully@hklaw.com

David      W. Mitchell
  davidm@rgrdlaw.com

Emily      Marie Heim
      emily@bayramoglu-legal.com, 1753376420@filings.docketbird.com, litigation@bayramoglu-legal.com


Etan      Mark
etan@markmigdal.com, eservice@markmigdal.com

Graham      Haviland
graham.haviland@lw.com

Gregory      G. Olsen
  golsen@morganolsen.com, ldurbin@morganolsen.com

Gregory      J. Casas
  casasg@gtlaw.com

Gregory      Scott Weiss
  gweiss@mrachek-law.com, psymons@mrachek-law.com

Hunter      J. Shkolnik
  Hunter@nsprlaw.com

Jeffrey      LeVee
jlevee@jonesday.com

Jeffrey      B. Gittleman
  jgittleman@pogustgoodhead.com

Jeffrey        J. Corrigan
  jcorrigan@srkattorneys.com

Jeffrey        L. Spector
  jspector@srkattorneys.com

Jeffrey        Todd Foreman
   jtf@sperlingkenny.com, mm@sperlingkenny.com

Jennifer       Patterson
jpatterson@haugpartners.com

Jennifer       Perrone
jperrone@mrachek-law.com, abourget@mrachek-law.com, gdavies@mrachek-law.com

John           E. Sindoni
  jsindoni@bonizack.com

Joseph         Mamounas
mamounasj@gtlaw.com, anelis.sanchez@gtlaw.com, MiaLitDock@gtlaw.com

Joshua         B. Gray
  jgray@sperlingkenny.com

Joshua         D. Snyder
  jsnyder@bonizack.com

Joshua         Mychael Mandel
   mandelj@gtlaw.com, anelis.sanchez@gtlaw.com, flservice@gtlaw.com

Justin         M. L. Stern
   justin.stern@morganlewis.com, caiti.zeytoonian@morganlewis.com, heather.nelson@morganlewis.com,
paola.becerra@morganlewis.com, simone.weiss@morganlewis.com

Kenneth        M. Kliebard
  kenneth.kliebard@morganlewis.com

Kenneth        N. Ralston
  ken.ralston@gknet.com

Kevin          Bruce Love
   klove@cridenlove.com, rrockey@finekaplan.com

Kevin          D. Neal
  kevin.neal@gknet.com

Lawrence       E. Buterman
  lawrence.buterman@lw.com

Lea            Pilar Bucciero
   lbucciero@podhurst.com, agroseclose@podhurst.com, bill.king@gknet.com,
cperez@podhurst.com, gpalacio@podhurst.com, lbarrington@podhurst.com, mbartels@podhurst.com,
mestevez@podhurst.com, mmartinez@podhurst.com, rmartinez-cid@podhurst.com,
Sharlee.weaver@gknet.com, zgorwitz@podhurst.com

Lee        Albert
lalbert@glancylaw.com

Leonor        Maria Lagomasino
    llagomasino@grsm.com

Linda        P. Nussbaum
  lnussbaum@nussbaumpc.com

Lindsey        Handley Taylor
        ltaylor@rgrdlaw.com, e_file_fl@rgrdlaw.com, e_file_sd@rgrdlaw.com


M        Derek Harris
        mdharris@cfjblaw.com, gmoore@carltonfields.com, phouse@cfjblaw.com,
wpbecf@cfdom.net

Marc        Aaron Wites
        mwites@wklawyers.com, pleadings@wklawyers.com

Mark        Basanta
mbasanta@haugpartners.com

Mark        Jeffrey Dearman
        mdearman@rgrdlaw.com, dantullis@rgrdlaw.com, e_file_fl@rgrdlaw.com,
e_file_sd@rgrdlaw.com, mdearman@ecf.courtdrive.com

Matthew        Weinshall
mweinshall@podhurst.com, afeurtado-pedron@podhurst.com, aturk@podhurst.com,
iyarzabal@podhurst.com

Michael        E. Martinez
  michael.martinez@klgates.com

Michael        F. Brockmeyer
  mbrockmeyer@haugpartners.com

Michael        J. Boni
  mboni@bonizack.com

Michael        Neil Kreitzer
        kreitzerm@gtlaw.com, chasonm@gtlaw.com, merlande.moise@gtlaw.com, mialitdock@gtlaw.com,
michael-kreitzer-6413@ecf.pacerpro.com

Nestor        Galarza Diaz
ngalarza@nsprlaw.com

Odeshoo        Hasdoo
ehasdoo@jonesday.com

Paul        Costa
pcosta@finekaplan.com

Paul        Jeffrey Geller
        pgeller@rgrdlaw.com, e_file_fl@rgrdlaw.com, E_File_SD@rgrdlaw.com,
pgeller@ecf.courtdrive.com, swinkles@rgrdlaw.com

Phillip        M. Soven
  phil.soven@gtlaw.com, flservice@gtlaw.com, Merlande.Moise@gtlaw.com

Rebeca        Martinez                          ,
Jr  rmartinez@nsprlaw.com

Ricardo        M. Martinez-Cid
  rmcid@podhurst.com, agroseclose@podhurst.com, cperez@podhurst.com, eregalado@podhurst.com,
lbarrington@podhurst.com, lbucciero@podhurst.com, mestevez@podhurst.com,
mmartinez@podhurst.com, rmcteam@podhurst.com, zgorwitz@podhurst.com

Roberta        D. Liebenberg
  rliebenberg@finekaplan.com

Roy        Edmund Fitzgerald
   , III  rfitzgerald@mrachek-law.com, abourget@mrachek-law.com, blewter@mrachek-law.com,
gdavies@mrachek-law.com

Salvatore        C. Badala
  sbadala@napolilaw.com

Scott        Abeles
sabeles@carltonfields.com

Scott        Stevens Warburton
     swarburton@adamscoogler.com, ajohnson@adamscoogler.com, pguzman@adamscoogler.com,
rnewman@adamscoogler.com

Sean        Alexander Burstyn
     sean.burstyn@burstynlaw.com, 1620702420@filings.docketbird.com,
docketing@burstynlaw.com, local-counsel-8709@ecf.pacerpro.com

Stacey        Anne Mahoney
  stacey.mahoney@morganlewis.com

Stuart        Andrew Davidson
   sdavidson@rgrdlaw.com, e_file_fl@rgrdlaw.com, e_file_sd@rgrdlaw.com,
jgelman@rgrdlaw.com, jmiller@rgrdlaw.com, khanson@rgrdlaw.com, sdavidson@ecf.courtdrive.com,
tshefler@rgrdlaw.com

Thomas        Bowen Rogers
   , Jr  trogers@wklawyers.com, klambert@baumannlegal.com

W.        Scott Turnbull
   turnbull@crarybuchanan.com, kali@crarybuchanan.com

William        F. King
  bill.king@gknet.com

William        J. Leonard
  william.leonard@obermayer.com

William        Jay Blechman
  wblechman@knpa.com, mbeaudry@knpa.com

William        T. McEnroe
  william.mcenroe@morganlewis.com

1:24-cv-20805-KMM Notice has not been delivered electronically to those listed below and will be provided by other means.  For further assistance, please contact our Help Desk at 1-888-318-2260.:

Megan          J. Talbot

Pogust Goodhead LLC
Eight Tower Bridge, Suite 250
161 Washington Street
Conshohocken,  PA 19428