IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No. 25-10140

YATCO, LLC,

*Appellant,*

v.

YA MON EXPEDITIONS, LLC,
a limited liability corporation,
on behalf of itself and all others similarly situated, *et al.*

*Appellees.*

**APPELLEES' REPLY IN SUPPORT OF THEIR MOTION FOR
CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION
OF THE ORDER GRANTING IN PART APPELLANT, YATCO, LLC'S
MOTION TO ABATE APPEAL**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Stephen F. Rosenthal
Florida Bar No. 0131458
Christina H. Martinez
Florida Bar No. 1029432
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Ste. 2300
Miami, Florida 33131
T.: 305-358-2800/F: 305-358-2382
srosenthal@podhurst.com
cmartinez@podhurst.com

*Counsel for Plaintiffs-Appellees*
[Additional counsel listed below]

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The Appellees submit this list, which includes all trial judges, attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this appeal:

1. Abeles, Scott – Counsel for Yacht Brokers Association of America, Inc.

2. Albert, Lee – Counsel for Tricia Defosey

3. Allied Marine, Inc.

4. Badala, Salvatore C. – Counsel for Ya Mon Expeditions, LLC

5. Basanta, Mark – Counsel for Allied Marine, Inc.

6. Bayramoglu Law Offices – Counsel for California Yacht Brokers Association, Inc., Denison Yachts International, LLC

7. Blechman, William Jay – Counsel for International Yacht Brokers Association, Inc.

8. Boats Group, LLC

9. Boni, Michael J. – Counsel for Magna Charter, LLC

10. Boni Zack & Snyder, LLC – Counsel for Magna Charter, LLC

11. Boutwell & Connick – Counsel for HMY Yacht Sales, Inc.

12. Brockmeyer, Michael F. – Counsel for Allied Marine, Inc.

13. Brooks, Brian D. – Counsel for Tricia Defosey

C 1 of 10

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

14.  Brown, Christopher J. – Counsel for Boats Group, LLC

15.  Bucciero, Lea Pilar – Counsel for Ya Mon Expeditions, LLC

16.  Burstyn Law PLLC – Counsel for Boats Group, LLC

17.  Burstyn, Sean Alexander – Counsel for Boats Group, LLC

18.  Buterman, Lawrence E. – Counsel for Boats Group, LLC

19.  California Yacht Brokers Association, Inc. – has no parent corporation, and no publicly held corporation owns (10%) or more of its common stock

20.  Carlton Fields PA – Counsel for Yacht Brokers Association of America, Inc.

21.  Catamaran Sales, Inc.

22.  Cohen, Alexander Charles – Counsel for Ya Mon Expeditions, LLC, Kip Lamar Snell, Magna Charter, LLC, Tricia Defosey

23.  Connick, Jr., A. Thomas – Counsel for HMY Yacht Sales, Inc.

24.  Corrigan, Jeffrey J. – Counsel for Magna Charter, LLC

25.  Costa, Paul – Counsel for Magna Charter, LLC

26.  Crary Buchanan, P.A. – Counsel for United Yacht Sales, LLC

27.  Criden & Love PA – Counsel for Magna Charter, LLC

28.  Davidson, Stuart Andrew – Counsel for Kip Lamar Snell

C 2 of 10

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

29.    Defosey, Tricia

30.    Denison Yachts International, LLC

31.    Diaz, Nestor Galarza – Counsel for Ya Mon Expeditions, LLC

32.    Dearman, Mark Jeffrey – Counsel for Ya Mon Expeditions, LLC, Kip
       Lamar Snell, Magna Charter, LLC, Tricia Defosey

33.    Eichel, Benjamin J. – Counsel for Magna Charter, LLC

34.    Easu, David B. – Counsel for Yacht Brokers Association of America,
       Inc.

35.    Fine Kaplan & Black, RPC – Counsel for Magna Charter, LLC

36.    Fitzgerald, III, Roy E. – Counsel for YATCO, LLC

37.    Foreman, Jeffrey Todd – Counsel for International Yacht Brokers
       Association, Inc.

38.    Fraser Yachts California Corporation – a wholly-owned subsidiary of
       MarineMax, Inc., which is a publicly-held company, has no parent
       corporation, and is unaware of any individual or entity that owns ten
       percent (10%) or more of its common stock

39.    Galati Yacht Sales, LLC

40.    Gallagher & Kennedy PA – Counsel for Ya Mon Expeditions, LLC

41.    Geller, Paul Jeffrey – Counsel for Kip Lamar Snell

C 3 of 10

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

42.    Gittleman, Jeffrey B. – Counsel for Magna Charter, LLC

43.    Glancy Prongay & Murray LLP – Counsel for Tricia Defosey

44.    Gordon Rees Scully Mansukhani – Counsel for Northwest Yacht
       Brokers Association

45.    Gray, Joshua B. – Counsel for International Yacht Brokers Association,
       Inc.

46.    Harris, M. Derek – Counsel for Yacht Brokers Association of America,
       Inc.

47.    Hasdoo, Odeshoo – Counsel for OneWater Marine, Inc.

48.    Haug Partners, LLP – Counsel for Allied Marine, Inc.

49.    Haviland, Grantham – Counsel for Boats Group, LLC

50.    Heim, Emily Marie – Counsel for California Yacht Brokers
       Association, Inc., Denison Yachts International, LLC

51.    HMY Yacht Sales, Inc.

52.    Holland & Knight LLP – Counsel for Northwest Yacht Brokers
       Association

53.    International Yacht Brokers Association, Inc.

54.    Jones Day – Counsel for OneWater Marine, Inc.

55.    King, William F. – Counsel for Ya Mon Expeditions, LLC

C 4 of 10

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

56.   K&L Gates LLP – Counsel for Fraser Yachts California Corporation, Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax East, Inc., MarineMax, Inc.

57.   Klibard, Kenneth M. – Counsel for HMY Yacht Sales, Inc.

58.   Kully, Davod C. – Counsel for Northwest Yacht Brokers Association

59.   LeVee, Jeffrey – Counsel for OneWater Marine, Inc.

60.   Lagomasino, Leonor Maria – Counsel for Northwest Yacht Brokers Association

61.   Latham & Watkins LLP – Counsel for Boats Group, LLC

62.   Leonard, William J. – Counsel for Magna Charter, LLC

63.   Love, Kevin Bruce – Counsel for Magna Charter, LLC

64.   Mahoney, Stacey Anne - Counsel for HMY Yacht Sales, Inc.

65.   Mark, Etan – Counsel for Tricia Defosey

66.   Mark Migdal & Hayden – Counsel for Tricia Defosey

67.   MarineMax East, Inc. – a wholly-owned subsidiary of MarineMax, Inc., which is a publicly-held company, has no parent corporation, and is unaware of any individual or entity that owns ten percent (10%) or more of its common stock

C 5 of 10

**Podhurst Orseck, P.A.**

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246        www.podhurst.com

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

68.     MarineMax, Inc. – Publicly Traded: HZO (NYSE) (has no parent corporation and is unaware of any individual or entity that owns ten percent (10%) or more of its common stock)

69.     Martinez, Christina H. – Appellate Counsel for Appellees

70.     Martinez, Michael E. – Counsel for Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax, Inc.

71.     Martinez, Jr., Rebeca – Counsel for Ya Mon Expeditions, LLC

72.     Martinez-Cid, Ricardo M. – Counsel for Ya Mon Expeditions, LLC

73.     McEnroe, William T. – Counsel for HMY Yacht Sales, Inc.

74.     Mitchell, David W. – Counsel for Kip Lamar Snell

75.     Moore, Hon. K. Michael – U.S. District Judge for the Southern District

76.     Morgan, Lewis & Bockius, LLP – Counsel for HMY Yacht Sales, Inc.

77.     Mrachek Fitzgerald Rose Konopka Thomas & Weiss, P.A. – Counsel for YATCO, LLC

78.     The Multihull Company, LLC

79.     Napoli Shkolnik – Counsel for Ya Mon Expeditions, LLC

80.     Napoli Shkolnik NSPR Law Services, LLC – Counsel for Ya Mon Expeditions, LLC

81.     Napoli Shkolnik, PLLC – Counsel for Ya Mon Expeditions, LLC

**Podhurst Orseck, P.A.**
2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246        www.podhurst.com

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

82.    Natter, Benjamin – Counsel for Allied Marine, Inc.

83.    Neal, Kevin D. – Counsel for Ya Mon Expeditions, LLC

84.    Northrop & Johnson Yacht Sales, LLC

85.    Northrop & Johnson Yacht Ships, LLC

86.    Northwest Yacht Brokers Association

87.    Nussbaum Law Group, P.C. – Counsel for Magna Charter, LLC

88.    Nussbaum, Linda P. – Counsel for Magna Charter, LLC

89.    Obermayer Rebman Maxwell & Hippel LLP – Counsel for Magna
       Charter, LLC

90.    OneWater Marine, Inc. – Publicly Traded: ONEW (NYSE)

91.    Patterson, Jennifer – Counsel for Allied Marine, Inc.

92.    Paul, Christina McGinley – Counsel for Fraser Yachts California
       Corporation, Northrop & Johnson Yacht Ships, LLC, Galati Yacht
       Sales, LLC, MarineMax East, Inc., MarineMax, Inc.

93.    Perrone, Jennifer – Counsel for YATCO, LLC

94.    Podhurst Orseck, P.A. – Counsel for Ya Mon Expeditions, LLC

95.    Pogust Goodhead LLC – Counsel for Magna Charter, LLC

96.    Reid, Lissette M. – Magistrate Judge, United States District Court for
       the Southern District of Florida

C 7 of 10

**Podhurst Orseck, P.A.**

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246          www.podhurst.com

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

97. Ralston, Kenneth N. – Counsel for Ya Mon Expeditions, LLC

98. Rathbun, Anna M. – Counsel for Boats Group, LLC

99. Robbins Geller Rudman & Dows LLP – Counsel for Ya Mon Expeditions, LLC, Kip Lamar Snell, Magna Charter, LLC, Tricia Defosey

100. Rogers, Jr., Thomas Bowen – Counsel for Kip Lamar Snell

101. Rose, Alan B. – Counsel for YATCO, LLC

102. RJC Yacht Sales, Inc.

103. Rosenthal, Stephen F. – Appellate Counsel for Appellees

104. Saladrigas, Caitlin F. – Counsel for Northwest Yacht Brokers Association

105. Shingler, III, Arthur L. – Counsel for Kip Lamar Snell

106. Shkolnik, Hunter J. – Counsel for Ya Mon Expeditions, LLC

107. Sindoni, John E. – Counsel for Magna Charter, LLC

108. Smith, Brian J. – Counsel for Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax, Inc.

109. Snyder, Joshua D. – Counsel for Magna Charter, LLC

110. Soto, Ana Maria Cristina Perez – Counsel for OneWater Marine, Inc.

111. Spector, Jeffrey L. – Counsel for Magna Charter, LLC

C 8 of 10

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

112. Spector Roseman & Kodroff PC – Counsel for Magna Charter, LLC

113. Sperling Kenny Nachwalter, LLC – Counsel for International Yacht Brokers Association, Inc.

114. Stern, Justin M.L. – Counsel for HMY Yacht Sales, Inc.

115. Sunshine Cruising Yachts LLC

116. Talbot, Megan J. – Counsel for Magna Charter, LLC

117. Taylor, Lindsey Handley – Counsel for Kip Lamar Snell

118. Turnbull, W. Scott – Counsel for United Yacht Sales, LLC

119. United Yacht Sales, LLC

120. Vakharia, Aakruti G. – Counsel for Allied Marine, Inc.

121. Weinshall, Matthew – Counsel for Ya Mon Expeditions, LLC

122. Weiss, Gregory S. – Counsel for YATCO, LLC

123. Wites & Kapetan, PA – Counsel for Kip Lamar Snell

124. Wites Law Firm – Counsel for Kip Lamar Snell

125. Wites, Marc Aaron – Counsel for Kip Lamar Snell

126. Wolf, Charles Ferdinand – Counsel for Fraser Yachts California Corporation, Northrop & Johnson Yacht Ships, LLC, Galati Yacht Sales, LLC, MarineMax East, Inc., MarineMax, Inc.

127. Ya Mon Expeditions, LLC

C 9 of 10

**Podhurst Orseck, P.A.**

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246     www.podhurst.com

YATCO, LLC v. Ya Mon Expeditions, LLC *et al.*
CASE NO. 25-10140

128.  Yacht Brokers Association of America, Inc.

129.  Yachting Assets and Operations LLC

130.  YATCO, LLC – does not have any parent corporations, and no publicly

held corporation owns more than 10% of its stock

131.  Zeytoonian, Caiti – Counsel for HMY Yacht Sales, Inc.

## Corporate Disclosure Statement

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit

Rules 26.1-1 through 26.1-3, Appellant states:

1.      Upon information and belief,

    a.  Fraser Yachts California Corporation and MarineMax East,

Inc. are wholly owned subsidiaries of MarineMax, Inc.; and

    b.  MarineMax, Inc. is a publicly traded company using the ticker

symbol HZO (NYSE), which itself has no parent corporation

or any individual or entity that owns ten percent (10%) or more

of its common stock.

2.      Otherwise, there is no subsidiary, parent corporation, or publicly held

corporation that owns 10% or more of the stock of any of the other listed entities.

*/s/ Christina H. Martinez*
Christina H. Martinez
Florida Bar No. 1029432

C 10 of 10

This Court's Order on YATCO's Motion to Abate should not be construed as having sanctioned an unwarranted extension of *Coinbase* by requiring a stay of all trial proceedings involving *other* defendants merely because the claims against them overlap with the claims against YATCO.  Nor should this Court consider, in the first instance, let alone grant, the alternative request YATCO embeds within its response, seeking such a broad stay on a *discretionary* basis.  That request should be proposed to the district court in the first instance, where it should be denied.

## I.    *Coinbase* Does Not Authorize an Automatic Stay of All District Court Proceedings Against Other Defendants Who Have Not Asserted Arbitration Rights

*Coinbase* does not compel a complete, automatic stay of *all* trial proceedings in every case.  The Supreme Court's determination that a stay was required flowed from the principle that a notice of appeal divests the district court of its jurisdiction over only "those aspects of the case involved in the appeal."  *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (internal quotation marks omitted); *see also Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003).  The question on appeal in *Coinbase* was "whether *the case* belong[ed] in arbitration or instead in the district court," so "the *entire case* [was] essentially 'involved in the appeal.'"  599 U.S. at 741 (emphasis added; internal quotation marks omitted).  In that single-defendant case, the resulting automatic stay understandably applied to the entire case.  *Id.*

1

But this case involves 18 defendants, and YATCO is the lone party that asserted a right to arbitration. That's a very different "case" than the *Coinbase* Court considered, and YATCO's aggressive request for a stay as to all claims against the other 17 defendants vastly outstrips the scope of the stay the Supreme Court authorized.

For all YATCO's insistence that the case "presents the functional legal equivalent of a two-party dispute" entirely implicated in the appeal (Resp. at 13), YATCO's appeal encompasses only the claims against it, not those against the other 17 defendants—even if the claims against all defendants may have significant factual overlap. None of the other defendants in the matter have pressed an argument that the claims against them are subject to arbitration. As a result, with a *Coinbase* stay of the claims against YATCO in place, the district court can still "move forward with pre-trial and trial proceedings [*as to the 17 other defendants*] while [YATCO's] appeal on arbitrability [is] ongoing" without fear that "many of the asserted benefits of arbitration"—to which the other 17 defendants are not entitled—would be "irretrievably lost" either to YATCO or to those defendants. *Coinbase*, 599 U.S. at 743 (alterations and emphasis added). After all, if this Court were to reverse the denial of the motion to compel arbitration and order the claim against YATCO to arbitration, none of the other defendants would participate in that arbitration.

2

The three district court cases cited in Plaintiffs-Appellees' motion persuasively counsel against the unprincipled extension of *Coinbase*'s automatic-stay requirement to an entire case where a majority or subset of the parties do not possess arbitrable rights. *See* Mot. 5-6 (citing *Avery*; *In re Chrysler Pacifica*; *Kumaran*). That those cases did not involve conspiracy claims does not diminish the force of their reasoning in refusing to enter overbroad stays under *Coinbase*. They did so notwithstanding arguable factual overlap between the portions of the cases being challenged on appeal and the remainder of the cases. *See, e.g.*, *Avery v. TEKsystems, Inc.*, No. 22-cv-02733-JSC, 2024 WL 4826834, at *1 (N.D. Cal. Nov. 18, 2024) (deciding to stay under *Coinbase* only the claims of 123 class members (out of a 540-member class) against whom the defendant moved to compel arbitration in a class action alleging the defendant improperly classified the entire class as exempt from California overtime, wage, and hour laws and thereby underpaid them).

YATCO seemingly recognizes that *Pandolfi v. Aviagames, Inc.*, No. 23-cv-05971, 2024 WL 495158 (N.D. Cal. Dec. 3, 2024)—a case that *does* involve a conspiracy claim—undercuts its position that *Coinbase* requires an automatic stay of the claims against *all* defendants, even those who are not allegedly subject to an arbitration clause. Resp. at 20 & n.2. As relevant here, the putative class plaintiffs in *Pandolfi* alleged multiple defendants had violated the conspiracy provision of

3

the Racketeer Influenced and Corrupt Organizations Act. *Pandolfi*, 2024 WL 495158, at *2. There, as here, only one subset of defendants asserted alleged arbitration rights. *Id.* at *3. The district court rejected all defendants' attempt to seek a stay under *Coinbase*, noting that they were "essentially asking for an extension of *Coinbase*" since the Supreme Court "did not address the specific situation where there is … more than one defendant in the case and only some (not all) have possible arbitration rights." *Id.* at *4.

There is some irony in YATCO seeking a broader stay than *Coinbase* authorizes: having received the stay of the case against it pending its appeal seeking to force those claims into arbitration, YATCO also seeks, while looking in the rear-view mirror, to regulate the litigation against the other defendants left in its wake, just in case its attempted arbitration exit fails. It seeks to eat its cake and have it too. Insofar as YATCO argues that the claims against it are so factually inter-related with those against the other defendants that there would be no way to proceed with the litigation without "unfairly prejudicing YATCO" (Resp. 11), that is a consideration that informs whether to enter a discretionary stay, not a stay under *Coinbase*. *See Pandolfi*, 2024 WL 495158, at *5. Moreover, contrary to YATCO's suggestion, while the arbitrability issue is on appeal and the claims against YATCO are stayed, the district court could not order any binding relief against YATCO, even if the evidence bears out that it is a co-conspirator.

4

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246          www.podhurst.com

## II. The District Court Should Be Afforded the Opportunity in the First Instance to Determine Whether a Discretionary Stay Is Warranted

This Court should reject YATCO's opportunistic play to urge for the first time a *discretionary* stay of all trial court proceedings against all defendants. Resp. at 19. Assuming YATCO even has a cognizable interest to request such relief under ordinary stay principles, it should have to present that motion first to the district court, "the judge closest to a case," who is entrusted with "mak[ing] a particularized determination upon request based on the facts and circumstances of th[e] case, as to whether the remaining part of the case should continue unabated or be paused (stayed) pending appeal." *Coinbase*, 599 U.S. at 748 (Jackson, J., dissenting). Affording the district court that opportunity here is particularly appropriate given its prerogative to control its own docket. The district court has a number of case-management alternatives it could implement, such as severing the claims against YATCO from the case, something Plaintiffs-Appellees would support, if necessary, over an overbroad stay that would grind their claims against the 17 other defendants to a halt pending YATCO's appeal as to claims only against it. That expedient would address any potential prejudice to YATCO should it lose its appeal.

A stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556

5

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246          www.podhurst.com

U.S. 418, 433 (2009) (internal quotation marks and citation omitted).  Where an appeal concerning arbitration rights is pending and a "lawsuit involves more parties and claims than [those in] the arbitration" or appeal, various considerations "must be weighed in determining whether to grant a discretionary stay, and in fashioning the precise contours of any stay.… Such issues are properly committed in the first instance to the district court's discretion."  *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 242 F.3d 777, 783 (8th Cir. 2001) (discussing a stay pending arbitration); *cf.* Fed. R. App. P. 8(a)(1) (stating a party seeking a stay of judgment or order of a district court pending appeal "must ordinarily move first in the district court").  Indeed, because the abuse of discretion standard of review applicable to such issues on appeal "is designed to provide deference to the decisions of a district court," this Court generally "remand[s] th[e] [discretionary] issue to the district court for consideration in the first instance."  *Peer v. Lewis,* 606 F.3d 1306, 1313 (11th Cir. 2010); *see also McKusick v. City of Melbourne, Fla.,* 96 F.3d 478, 489 n.7 (11th Cir. 1996) (explaining that when a decision is committed to the district court's discretion and that court does not address a particular legal point, "the more appropriate course is for [the Court] to allow the district court the opportunity to address that matter in the first instance") (citing *Macklin v. Singletary*, 24 F.3d 1307, 1311 (11th Cir. 1994)).  Here,

6

YATCO has not even presented the issue of a discretionary, whole-case stay to the district court.

This deference to the trial court in the first instance makes sense given the district court is generally best positioned to ascertain the pertinent circumstances informing the appropriateness and/or scope of a stay, including the various parties' relationships among one another, each defendant's role in the alleged antitrust conspiracy, the parties' interests in moving claims forward, the status of discovery, and the overall case schedule.  It should go without saying that the district court should be afforded the opportunity to manage this complex, multi-party case on its docket.

YATCO wrongly collapses the *Coinbase* analysis and the discretionary-stay analysis to urge that this Court bypass the district court as a matter of "efficien[cy]" (Resp. at 19), but the two inquiries are distinct and should be kept separate.  *See, e.g.*, *Coinbase*, 599 U.S. at 746-47 (impliedly distinguishing "background *Griggs* rule" from "ordinary discretionary stay factors"); *Pandolfi*, 2024 WL 495158, at *3-7 (district court separately analyzing *Coinbase* stay and discretionary stay); *Avery*, 2024 WL 4826834, at *2-3 (same).  This separation is particularly prudent where this Court's Order at issue did not mention a discretionary stay and where YATCO has never even formally moved for one.

Regardless, mere efficiency does not justify wresting away the discretion traditionally entrusted to the district judge. *But see* Resp. 19.

Allowing the district court to consider the scope of a discretionary stay in the first instance would additionally give that court the opportunity to consider other potential means of mitigating any burdens on or prejudice to the parties. For example, if any defendant were to move in the district court for a discretionary stay of all claims against all defendants, Plaintiffs-Appellees could, in addition to opposing that stay, propose in the alternative the severance of YATCO from the case under Federal Rule of Civil Procedure 21. That option would satisfy potential case-management complications that would arise from an affirmance of the order denying YATCO's motion to compel arbitration and that defendant's mid-stream return to the litigation. *Cf. Pandolfi*, 2024 WL 495158, at *6 (citing concerns related to a losing defendant-appellant's return to trial-court proceedings, including, e.g., the potential need to retake depositions). The district court might view that case-management option as superior to saddling it with a lengthy stay of an entire complex, multi-defendant case on its docket. This should be the district court's call.

Even if this Court were to consider the propriety of a discretionary stay in the first instance, it would not be warranted. As a preliminary matter, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an

exercise of that discretion," *id.* at 433-44, yet YATCO has not meaningfully engaged with the relevant factors, except largely to say it would be "harmed and deprived of the opportunity to participate in court proceedings should those proceedings continue without" it, Resp. 21. This is an odd argument. While courts recognize as cognizable harm "entirely wasted" trial-court proceedings against the appealing defendant if arbitration is ordered on appeal, *e.g.*, *Coinbase*, 599 U.S. at 724, an appellant *missing out* on ongoing litigation it seeks to avoid is hard to classify the same way. YATCO's supposed "Hobson's choice" (Resp. 18) is a choice it freely made and, having elected to pursue its purported arbitration rights on appeal, it cannot, as a back-up plan, also unilaterally halt the litigation as to all the other parties just in case its strategy fails.

In an abundance of caution, we briefly address the four-factor standard for determining whether to issue a stay pending appeal. *See Nken*, 556 U.S. at 434 (requiring a court to consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies").

First, to the extent YATCO contends there is a strong likelihood it will succeed on the merits of its appeal, that position militates *against* a complete stay,

9

since a success in compelling arbitration of the claims against YATCO would relieve it of any interest in the remaining litigation.  Second, YATCO will not be irreparably injured absent a complete stay given that a *Coinbase* stay will be in place as to *it*, and any issues decided by the district court regarding the other defendants cannot bind YATCO.  Should this Court affirm the denial of YATCO's motion to compel arbitration, YATCO surely will be free to conduct discovery in aid of, and litigate the merits of, its defenses, irrespective of how the district court chooses to manage the remaining litigation pending the appeal.  As to the third and fourth factors, Plaintiffs-Appellees' interests and the public interest both counsel against a complete stay.  Plaintiffs-Appellees have alleged, among other things, an ongoing Sherman Act conspiracy and that their injuries will continue unless the defendants are enjoined.  ECF No. 140 at ¶ 215, Compl., *Ya Mon v. YATCO LLC*, No. 24-Civ-20805-KMM (S.D. Fla. June 10, 2024).  They thus have a strong interest in advancing their claims.  Public policy likewise favors ferreting out anticompetitive conduct and enforcement of antitrust laws.  Moreover, declining to enter a complete stay will not *substantially* or irreparably harm the other 17 defendants, who would still be able to obtain discovery from YATCO as a functional non-party because of the *Coinbase* stay.

In sum, the *Nken* factors do not support a complete stay of trial proceedings, but the district court should be afforded the opportunity to exercise its discretion

10

**Podhurst Orseck, P.A**.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134 • Coral Gables 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.43246          www.podhurst.com

and make that determination in the first instance and to consider other alternatives
for managing its docket in light of a *Coinbase* stay as to YATCO only.

### CONCLUSION

The parties to this appeal agree that clarification of this Court's Order
granting in part YATCO's Motion to Abate would be beneficial.  The district court
agrees, even entering a temporary stay to await "receipt of clarification from" this
Court about whether to vacate its Dismissal Order as to YATCO or as to all
defendants.  ECF No. 245, Paperless Order, *Ya Mon v. YATCO LLC*, No. 24-Civ-
20805-KMM (S.D. Fla. Mar. 6, 2025).

Plaintiffs-Appellees respectfully request that the Court enter an order
clarifying that its prior Order directed the district court to (1) vacate only those
aspects of its January 21, 2025 dismissal order related to YATCO, and (2) enter an
order staying proceedings below as to YATCO only under *Coinbase* pending the
resolution of this appeal.  Plaintiffs-Appellees additionally request that the Court
expressly leave open the district court's freedom to consider in the first instance
any motion by defendants for a discretionary stay of all proceedings.

Respectfully submitted,

 */s/ Christina H. Martinez*
Lea P. Bucciero (FBN 84763)
Matthew Weinshall (FBN 84783)
Stephen F. Rosenthal (FBN 0131458)
Christina H. Martinez (1029432)

11

**PODHURST ORSECK, P.A.**
2525 Ponce de Leon, Suite 500
Coral Gables, FL 33134
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
LBucciero@podhurst.com
Rmartinez-cid@podhurst.com
MWeinshall@podhurst.com
RMCTeam@podhurst.com
srosenthal@podhurst.com
cmartinez@podhurst.com

*Attorneys for Plaintiffs-Appellees Ya Mon*
*Expeditions, LLC, Pride Contracting, Inc.*
*and Juan Galan*

Paul J. Geller
Florida Bar No. 984795
Mark J. Dearman
Florida Bar No. 982407
Stuart A. Davidson
Florida Bar No. 0084824
Lindsey H. Taylor
Florida Bar No. 1027908
**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561-750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com
ltaylor@rgrdlaw.com

*Attorneys for Plaintiff-Appellee Kip Lamar*
*Snell*

12

Marc Aaron Wites
**WITES & KAPETAN, PA**
4400 North Federal Hwy
Lighthouse Point, FL 33064
Tel: 954-570-8989
Fax: 954-354-0205
mwites@wklawyers.com
trogers@wklawyers.com

*Attorney for Plaintiff-Appellee Kip Lamar Snell*

Etan Mark
Florida Bar No. 720852
**MARK MIGDAL & HAYDEN**
80 SW 8th Street
Suite 1999
Miami, FL 33130
Tel: 305-374-0440
etan@markmigdal.com

*Attorney for Plaintiff-Appellee Blueberry Enterprises, LLC*

13

## CERTIFICATE OF COMPLIANCE

Counsel for Plaintiffs-Appellees hereby certifies that the type style utilized in this brief is 14 point Times New Roman proportionally spaced, and there are 2,589 words in the reply.

/s/    *Christina H. Martinez*
Christina H. Martinez


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  *Christina H. Martinez*
Christina H. Martinez

14